IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA

AT PARKERSBURG

JAMES P. WEIGLE,

     Plaintiff,

v.
                                   Civil Action No. 2:14-cv-15087
                             (The Honorable John T. Copenhaver, Jr., Judge)

R. L. PIFER, individually and
in his capacity as an officer with
the City of Vienna Police Department,
BRIAN INGRAHAM, individually
and in his capacity as an officer with
the City of Vienna Police Department,
CITY OF VIENNA POLICE DEPARTMENT,
a political subdivision of the State of
West Virginia, and the CITY OF VIENNA,
a political subdivision in the State of West Virginia,

     Defendants.


**DEFENDANTS R.L. PIFER, BRIAN INGRAHAM, CITY OF VIENNA POLICE
DEPARTMENT AND CITY OF VIENNA'S MOTION FOR SUMMARY JUDGMENT**

NOW COME the Defendants, R.L. Pifer, Brian Ingraham, City of Vienna Police

Department and City of Vienna, by counsel, Cy A. Hill, Jr., and MANNION, GRAY, UHL &

HILL CO., L.P.A., and hereby move this Honorable Court, pursuant to Rule 56 of the Federal

Rules of Civil Procedure, to enter summary judgment against the Plaintiff with regard to all

claims against them. In support, the Defendants allege as follows:

     1.     On April 21, 2012, the Defendant police officers were working traffic detail for a

5K race in Vienna, West Virginia. Traffic was backed up as the race contestants passed through

the area. During the race, the officers heard someone in traffic incessantly honking their horn.

Patrolman Cole initially investigated and identified the Plaintiff as the person who was honking

his horn in violation of a city ordinance and the West Virginia Code. The Plaintiff indicated that he was not going to stop honking his horn and was not going to pull over. Patrolman Cole returned to his intersection and informed Sgt. R.L. Pifer of the situation.

2.     Sgt. Pifer investigated and also identified the Plaintiff as the person who was incessantly honking his horn. Sgt. Pifer asked the Plaintiff or his license, registration, and proof of insurance and also asked him to pull over into the parking lane so they would be out of traffic.

3.     Without being asked to do so, the Plaintiff exited his vehicle and aggressively placed his driver's license in Sgt. Pifer's face. He did not produce his registration and proof of insurance. The Plaintiff was irate about being held up in traffic and repeatedly stated that it was "bullshit." Sgt. Pifer continued to investigate why the Plaintiff was honking his horn and attempted to de-escalate the situation. However, the Plaintiff continued to be irate.

4.     At some point, the Plaintiff attempted to get back into his vehicle before Sgt. Pifer had concluded the traffic stop. Sgt. Pifer closed the vehicle door to prevent him from doing so. Sgt. Pifer also motioned to Defendant Sgt. Brian Ingraham, who was sitting in traffic, to pull over for assistance. After a brief exchange, the Plaintiff expressed "F--- this. I'm leaving" or "F--- you. I'm leaving" and attempted to re-gain access to his vehicle by bumping Sgt. Pifer with his shoulder. Sgt. Pifer had not concluded the traffic stop and did not know what Plaintiff's true intentions were in attempting to access his vehicle. The Plaintiff had a loaded pistol next to the driver's seat of his vehicle. Sgt. Pifer was also concerned that the Plaintiff may put the approaching race contestants in danger if he drove from the scene in an irate state without permission to do so.

5.     Sgt. Pifer grabbed the Plaintiff by his left arm and right shoulder and walked him back to Sgt. Ingraham's vehicle which had just pulled in behind the Plaintiff's vehicle. He told

the Plaintiff that he was under arrest and ordered him to place his hands behind his back so that he could be handcuffed. The Plaintiff refused. Sgt. Ingraham immediately exited his vehicle and assisted Sgt. Pifer in attempting to get the Plaintiff's hand from under his body, but the Plaintiff continued to resist. The officers did not know if the Plaintiff had a weapon or not and were legitimately concerned that he refused to place his hands behind his back. The Plaintiff claims that he had abdominal surgery and that Sgt. Pifer was hurting him by holding him against the hood of the vehicle. Sgt. Pifer stated that he would remove him from the hood as soon as he placed his hands behind his back.

6.      Eventually, Sgt. Ingraham grabbed his pepper spray. After Sgt. Ingraham displayed the pepper spray, the Plaintiff eventually complied by placing his hands behind his back. Sgt. Pifer placed handcuffs on him and took him to the station for processing. He offered the Plaintiff medical assistance due to his complaint about his abdomen, but the Plaintiff refused. Sgt. Pifer charged the Plaintiff with obstructing an officer. A magistrate found probable cause for the charges and the Plaintiff was initially found guilty in magistrate court. He appealed the conviction to circuit court and was found not guilty.

7.      On or about June 9, 2012, Sgt. Pifer was leaving his home with his children when he saw the Plaintiff sitting in a parked car outside of his home. The Plaintiff immediately drove off. As he was going on duty, Sgt. Pifer pursued the Plaintiff to inquire as to why he was sitting outside of his home. He initiated a traffic stop and the Plaintiff pulled over into his own driveway. After a brief exchange, Sgt. Pifer left the scene. He did not file any charges. Sgt. Pifer reported the matter to Chief Young.

8.      The Plaintiff has filed a ten count complaint. He makes the following claims against the Defendants:

3

Count One:      Negligence against Pifer and Ingraham

Count Two:      Negligent retention against the City of Vienna

Count Three:   Intentional infliction of emotional distress

Count Four:     Negligent infliction of emotional distress

Count Five:      Assault

Count Six:       Battery

Count Seven:   Malicious prosecution

Count Eight:    Violation of the Fourth Amendment

Count Nine:     Violation of the Fourteenth Amendment

Count Ten:       Monell claim against the City

9.      The Defendant officers claim entitlement to statutory immunity from the Plaintiff's state law claims pursuant to W.Va. Code § 29-12A-5(b) as their actions were not manifestly outside the scope of their employment or with malicious purpose, in bad faith, or in a wanton or reckless manner.   The also claim entitlement to qualified immunity from the Plaintiff's federal claims as their actions were objectively reasonable.

10.     The officers also contend that they were privileged to use reasonable force under the Fourth Amendment to arrest the plaintiff, and thus, the Plaintiff's assault and battery claims must fail.  Hutchinson v. W. Va. State Police, 731 F. Supp. 2d 521, 547 (S.D. W. Va. 2010).

11.     The Defendant officers contend that the Plaintiff cannot make out a malicious prosecution case against them as they did not act with malice and probable cause was found for the arrest. They also contend that the "procurement" element is missing as they did not control the criminal prosecution process.  Norfolk S. Ry. Co. v. Higginbotham, 228 W. Va. 522, 527, 721 S.E.2d 541, 546 (2011).

4

12.     The Defendant officers maintain that they did not violate the Plaintiff's Fourth Amendment rights as they did not use unreasonable force under the circumstances to effectuate his arrest. <u>Graham v. Connor</u>, 490 U.S. 386, 395 (1989). They also contend that the Plaintiff's Fourteenth Amendment claim fails as the only alleged excessive use of force took place during the arrest process, not while he was a pre-trial detainee. Accordingly, the Fourth and not the Fourteenth Amendment standards should apply to the officers' actions.

13.     The City maintains that the Plaintiff failed to present sufficient evidence to support a negligent retention claim as to Sgt. Pifer. The evidentiary record shows that Pifer has only been disciplined one time in his approximately 20 years on the force. He has never been sued and alleged to have used excessive force against a citizen. The only other known complaints against him have been general informal complaints about him being rude at a traffic stop and one occasion where a mother complained that he took cigarettes from her 13 year-old son.

14.     The City further contends that the Plaintiff's <u>Monell</u> claim must fail as the officers did not violate his constitutional rights in the first place. Alternatively, the Plaintiff has failed to present any evidence that the officers were acting pursuant to any official policy of custom of the City in their dealings with the Plaintiff. The City was not the "moving force" behind the Plaintiff's arrest and there is no evidence that the City improperly hired, supervised, trained, or investigated Sgt. Pifer or Sgt. Ingraham. <u>Monell v. New York City Dept. of Social Services</u>, 436 U.S. 658, 694 (1978).

15.     Finally, the Vienna Police Department is not a properly named party to his action as it is not a separate political body from the City of Vienna. <u>Fisher v. Morrison</u>, 2014 U.S. Dist. LEXIS 124944 and <u>Tofi v. Napier</u>, 2011 U.S. Dist. LEXIS 98390 (S.D. W. Va. 2011).

16.    The Defendants incorporate their supporting memorandum of law in support of their motion.

**WHEREFORE**, for the reasons set forth herein and in the supporting memorandum of law, the Defendants respectfully move this Honorable Court, pursuant to Rule 56, to enter summary judgment in their favor and any other relief deemed appropriate by the Court.

**R. L. PIFER, BRIAN INGRAHAM,**
**CITY OF VIENNA POLICE DEPARTMENT,**
**and CITY OF VIENNA**

**By Counsel**


    */s/ Cy A. Hill, Jr.*
**Cy A. Hill, Jr. (WVSB ID NO. 8816)**
**MANNION, GRAY, UHL & HILL CO., L.P.A.**
**707 Virginia Street East Suite 260**
**Charleston WV 25301**
**304-513-4242**
**304-513-4243 (fax)**
**chill@manniongray.com**

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA

### AT PARKERSBURG

**JAMES P. WEIGLE,**

      **Plaintiff,**

**v.**
                                        **Civil Action No. 2:14-cv-15087**
                                   **(The Honorable John T. Copenhaver, Jr., Judge)**

**R. L. PIFER, individually and**
**in his capacity as an officer with**
**the City of Vienna Police Department,**
**BRIAN INGRAHAM, individually**
**and in his capacity as an officer with**
**the City of Vienna Police Department,**
**CITY OF VIENNA POLICE DEPARTMENT,**
**a political subdivision of the State of**
**West Virginia, and the CITY OF VIENNA,**
**a political subdivision in the State of West Virginia,**

      **Defendants.**

### CERTIFICATE OF SERVICE

      I hereby certify that on this 24th day of April, 2015, I electronically filed the foregoing

**"DEFENDANTS R. L. PIFER, BRIAN INGRAHAM, VIENNA POLICE DEPARTMENT,**

**AND THE CITY OF VIENNA'S MOTION FOR SUMMARY JUDGMENT"** with the Clerk

of the Court using the CM/ECF system which will send notification of such filing to the

following CM/ECF participants:

                        Marvin W. Masters, Esquire
                        Kelly Elswick-Hall, Esquire
                        Kimberly K. Parmer, Esquire
                        THE MASTERS LAW FIRM
                        181 Summers Street
                        Charleston WV 25301
                        mwm@themasterslawfirm.com
                        keh@themasterslawfirm.com
                        kkp@themasterslawfirm.com

Jennifer N. Taylor, Esquire
1118 Kanawha Boulevard East
Charleston WV 25301
jennifer@jtaylor-law.com

_/s/ Cy A. Hill, Jr._
**Cy A. Hill, Jr. (WVSB ID NO. 8816)**
**MANNION,  GRAY, UHL & HILL CO., L.P.A.**
**707 Virginia Street East Suite 260**
**Charleston WV 25301**
**304-513-4242**
**304-513-4243 (fax)**
**chill@manniongray.com**

8